Filed 6/13/24  In re Itzel R. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re ITZEL R., a Person Coming Under the Juvenile Court Law. | B332141 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DENNIS R.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 23CCJP02205) |

APPEAL from order of the Superior Court of Los Angeles County, D. Brett Bianco, Judge.  Dismissed.

John M. Kennedy, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Jessica Buckelew, Deputy County Counsel, for Plaintiff and Respondent.

We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, Standard 8.1.

_____

On August 30, 2023, appellant Dennis R. (Father) appealed a juvenile court order sustaining jurisdictional findings under Welfare and Institutions Code section 300[1] regarding Father's daughter, Itzel R. (born August 2022). Father argues that, at the time of the jurisdictional hearing, substantial evidence did not support that the alleged domestic violence between himself and the children's mother, B.R. (Mother),[2] placed Itzel at sufficient risk to justify juvenile court jurisdiction under either section 300, subdivision (a) or section 300, subdivision (b)(1).

Since Father filed his appeal, on February 28, 2024, the court issued an order terminating its jurisdiction over Itzel and a juvenile court custody order[3] granting shared legal and physical custody of Itzel to Father and Mother.[4] Neither parent appealed the court's

_____

[1] All further statutory references are to the Welfare and Institutions Code.

[2] Mother did not appeal the jurisdictional findings and is not a party to this appeal.

[3] We hereby grant DCFS's motion to take judicial notice that encompasses these orders.

[4] The custody order does not further specify how the physical custody is to be divided as between the parents, except by noting under "visitation" that "Father's shared parenting time [is] on Friday[s] through Sundays or as mutually agreed upon by the parents." (Boldface & capitalization omitted.) In the absence of any argument to the contrary, we understand this order as permitting Mother and Father to structure the joint legal and physical custody of the child as they see fit. Accordingly, it does not reflect a change

termination of jurisdiction or the juvenile court custody order, and the statutory deadline for doing so has passed.

DCFS argues that we should dismiss Father's appeal as moot because the court terminated the dependency proceedings. We agree that this development prevents us from granting Father any effective relief and thus renders the appeal moot. (See *In re D.P.* (2023) 14 Cal.5th 266, 276 (*In re D.P.*) [the rule that "[a] case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief" ' " "applies in the dependency context"].) The juvenile court already granted Father the exact relief he seeks on appeal—termination of juvenile court jurisdiction over his children. Moreover, the jurisdictional findings he challenges do not affect his legal status in any other way. (See *id.* at p. 277 ["to show a need for effective relief, the plaintiff must first demonstrate . . . some effect on the plaintiff's legal status that is capable of being redressed by a favorable court decision"].)

Father does not deny that his appeal is moot. Rather, he argues that "[t]his court must exercise its discretion to review the jurisdictional [findings]," noting that a failure to do so would "saddle[ ]" "this young family . . . with sustained juvenile dependency findings." Courts of Appeal may "exercise their inherent discretion to decide certain challenges to juvenile court jurisdictional findings, notwithstanding mootness." (*In re D.P., supra*, 14 Cal.5th at p. 285.) Our state Supreme Court has identified various factors for consideration in deciding whether to do so (see *id.* at pp. 285–286), and noted that "[t]he exercise of discretionary review may . . . be informed by whether the

to the state of custody that existed prior to the court taking jurisdiction.

3

jurisdictional finding is based on particularly pernicious or stigmatizing conduct." (*Ibid*.)  Here, the sustained allegations are that Mother and Father engaged in a violent physical altercation in the presence of Itzel, during which Father pushed and threw a diaper at Mother, Mother attempted to push Father's hands down and scratched Father's chest and face, Father struck Mother on her mouth and caused injury, and maternal grandmother had to intervene.  These findings are insufficient to alone justify discretionary review.[5]  After considering this and the other factors set forth in *In re D.P.*, we decline to exercise our discretion to reach the merits of Father's moot appeal.

---

[5] In so concluding, we do not intend to minimize or condone the violence described in the section 300 petition.

4

## DISPOSITION

The appeal is dismissed as moot.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


CHANEY, J.


BENDIX, J.